IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JENNER TORRENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 24-258 |
| v. ) | (Judge Kathryn C. Davis) |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## JOINT MOTION TO REMAND

Pursuant to 28 U.S.C. § 1491(a)(2) and Rule 52.2 of the Rules of the United States Court of Federal Claims (RCFC), plaintiff, Jenner Torrence, and defendant, the United States, respectfully request that the Court remand this case to the Air Force Board for the Correction of Military Records (AFBCMR or Board)[1] with instructions to reconsider the claims for relief asserted by Mr. Torrence.

## BACKGROUND

Mr. Torrence challenges a decision of the AFBCMR concluding that the evidence he submitted in support of his petition to correct his military records did not demonstrate material error or injustice. *See* AR 3-9.[2]

The AFBCMR is not an investigative body. *See* 32 C.F.R. § 865.2(c). The AFBCMR usually makes decisions based on the evidence in the record submitted by applicants because the applicant is responsible for providing evidence of an error or injustice. The parties agree that the

---

[1] The AFBCMR Reviews and recommends correction of military records for current and former Department of the Air Force Airmen and Guardians in active duty, Reserve, or Guard status, to remove an error or injustice after all available administrative remedies have been exhausted. *See* 10 U.S.C. § 1552, DoDD 1332.41, and DAFI 36-2603.

[2] "AR ___" refers to page cites in the Administrative Record filed by the United States on July 25, 2024.

Administrative Record filed in this case on July 25, 2024, contains all the evidence submitted by Mr. Torrence to the AFBCMR in support of his 2021 petition to the AFBCMR.

The parties also agree that a remand is warranted in this case because Mr. Torrence's claims before this court – as set forth in paragraphs 39-47 and 52-57 of the complaint – are based in important part on the contents of video and photographic evidence which was part of the second investigation conducted by the Air Force with respect to Mr. Torrence, but which was not considered by the AFBCMR during its review of Mr. Torrence's 2021 petition.[3]  Mr. Torrence believes that a review of this evidence, to determine whether it supports the findings of the second investigation, is an important part of this action.

The AFBCMR decision states at the end that the "Board will reconsider the application only upon receipt of relevant evidence not already presented."  AR 8.  It is the position of the parties that video and photographic evidence which appear to have served as the basis of some of the findings at issue with respect to the Air Force's second investigation of Mr. Torrence would be relevant evidence to Mr. Torrence's claims not previously presented to the Board.

The parties therefore respectfully request a remand for Mr. Torrence to seek reconsideration of his application before the Board based on video and photographic evidence not previously submitted to the AFBCMR.

## ARGUMENT

**I.    Legal Standard**

This Court may "remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just."  28 U.S.C. § 1491(a)(2); *see also*

---

[3] For purposes of this motion to remand, the parties treat the facts in plaintiff's complaint as true.  However, defendant respectfully reserves the right to challenge any of the facts alleged by plaintiff in any subsequent motions before this Court.

RCFC 52.2(a). An agency may request a remand for a variety of reasons, including to "reconsider its previous position" without admitting error. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028-29 (Fed. Cir. 2011). "[R]emand to [an] agency for additional investigation and explanation" is appropriate when "the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *see also Laughary v. United States*, 228 Ct. Cl. 739, 743 (1981) (court may order a remand "if justice will be served by so doing").

## II.     Basis For Remand

We seek a remand to address the concern listed above and raised in Mr. Torrence's complaint – that video footage and photographs cannot be reconciled with an Air Force's investigator's summary of the footage and the photographs. *See* Complaint at ¶¶ 39-47 and 52-57.

The United States joins in this request for a remand without conceding error, so that the AFBCMR may review in the first instance the evidence that Mr. Torrence wishes to present to the Court. If the AFBCMR changes its decision as a result, it could render this case moot.

## III.    Remand Is Appropriate

The Court may remand to direct an agency to take actions that will ensure a meaningful judicial review. As the Supreme Court has explained:

> The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides.

*I.N.S. v. Orlando Ventura*, 537 U.S. 12, 17 (2002).

Here, as we propose, the board would not only supplement and review the existing record, but it would also have the option to elicit and consider any new arguments and evidence Mr. Torrence may wish to present regarding existing claims. Thus, if following remand, further proceedings are warranted, the Court would have the benefit of a consolidated record, compliant with required procedures, and including arguments made. And if they are not, so much the better.

**IV.    Remand Instructions**

If the Court determines that a remand is appropriate, the Court issues an order pursuant to RCFC 52.2. Rule 52.2(b)(1)(A) requires remand orders to contain directions that the Court deems "proper and just." Here, to address the concerns raised by Mr. Torrence and discussed above, we propose the following order and instructions:

1. Remand Mr. Torrence's claims to the AFBCMR with an instruction that Mr. Torrence submit his application for reconsideration to the AFBCMR within 30 days of this Court's remand order;

2. Establish the initial duration of the remand for 180 days, which may be extended upon request of either party, if deemed necessary by the Court;

3. Stay further proceedings in this action pending the completion of the remand;

4. Order defendant to file status reports every 90 days, starting from the date of the Court's order remanding the case;

5. Order the parties to notify the Court within 30 days of a decision by the AFBCMR on remand;

6. Direct the AFBCMR to promptly forward by email its decision to plaintiff's counsel of record (stimmons@tullylegal.com; jwilkinson@tullylegal.com) and to

counsel of record for the United States (delisa.sanchez@usdoj.gov), and to forward two copies to the Clerk of the Court as provided by RCFC 52.2(d);

7. Instruct the AFBCMR to:

    a. Allow Mr. Torrence to submit an application for reconsideration submitting the video footage and photographic evidence referenced in paragraphs 39-47 and 52-57 of Mr. Torrence's complaint, and any other evidence and arguments not previously submitted to the AFBCMR;

    b. Consider Mr. Torrence's application for reconsideration in accordance with the Board's otherwise applicable procedures and powers including, but not limited to, the Board's power to "hold a hearing or call for additional evidence or opinions" as codified in 32 C.F.R. § 865.2(c);

    c. Issue a reconsideration decision.

Respectfully submitted,

/s/Sean C. Timmons
Sean C. Timmons, Esq., LL.M.
Managing Partner, Tully Rinckey PLLC
Texas Bar No.: 24067908
New York State Bar No.: 5470190
Admitted to Practice in all Texas Federal Courts
18722 University Blvd., Ste. 235
Sugar Land, TX 77479
(832) 240-3273 Phone
(281) 387-3411 Cell
(832) 241-5998 FAX
Stimmons@tullylegal.com

/s/Joseph D. Wilkinson II
Joseph D. Wilkinson II, Esq.
Admitted *Pro Hac Vice*
Senior Counsel, Tully Rinckey PLLC
2001 L Street NW, Ste. 902
Washington, DC 20036
(202) 975-2232
jwilkinson@tullylegal.com

Attorneys for Plaintiff

August 19, 2024

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/William J. Grimaldi
WILLIAM J. GRIMALDI
Assistant Director

/s/Delisa M. Sánchez
DELISA M. SANCHEZ
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0337

Of Counsel:
MAJOR KENNETH L. VAUGHT
Litigation Attorney
United States Air Force
Military Personnel Division
1500 West Perimeter Road, Suite 1370
Joint Base Andrews, MD 20762

Attorneys for Defendant