IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JENNER M. TORRENCE,     )
     )
     Mr. Torrence,     )
     )     No. 24-258
     v.     )     (Judge Katherine C. Davis)
     )
THE UNITED STATES,     )
     )
     Defendant.     )

DEFENDANT'S REPLY IN SUPPORT OF ITS
CROSS-MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

Defendant, the United States, respectfully submits this reply in support of its Cross-Motion for Judgment on the Administrative Record (ECF No. 34).  The Administrative Record (AR) overwhelmingly supports the Air Force Board for Correction of Military Records (AFBCMR) determinations, which were rational, grounded in substantial evidence, and fully consistent with controlling statutes and regulations.  Mr. Torrence's response to the Government's motion for judgment and reply in support of his own motion for judgment (Pl. Resp.) (ECF No. 35) repackages the factual challenges, credibility disputes, and legal misstatements that he advanced in his opening brief, that the AFBCMR has twice rejected, and which the Court cannot revisit under the deferential standards governing review of military correction board decisions.  For the reasons set forth below, and in the Government's opening brief, we respectfully request that the enter judgment on the administrative record for the United States.

SUMMARY OF THE ARGUMENT

Mr. Torrence's response brief ignores the fundamental principle controlling this case:  the Court may not re-weigh evidence, reassess witness credibility, or substitute its judgment for the

Air Force's judgment. *Heisig v. United States*, 719 F.2d 1153, 1156-57 (Fed. Cir. 1983). Yet every one of Mr. Torrence's arguments invites precisely that impermissible review.

The AFBCMR reasonably concluded that substantial evidence supported (1) the first commander-directed investigation (CDI) finding an unprofessional relationship with a fellow officer; (2) the second CDI findings of fraternization and false official statements; (3) both Letters of Reprimand (LORs); (4) the referral Officer Performance Report (OPR); and (5) the ANG Wing Commander's curtailment of Mr. Torrence's Active Guard Reserve (AGR) tour. The AFBCMR reviewed the same photographs and video Mr. Torrence cites in his briefs and found them entirely consistent with the substantiated misconduct. AR 238-39. The AFBCMR also examined Mr. Torrence's new Title 10/Title 32 argument and properly rejected it as unsupported by any statute, regulation, or Judge Advocate General precedent. AR 236-37.

Mr. Torrence's legal theories – that the Air Force must prove a "custom" of what constitutes unprofessional relationships, that the IO misapplied the "preponderance of the evidence" standard, that the AFBCMR's findings conflict with the video footage, that the Wing Commander lacked authority, and that he is entitled to back pay, ACIP, ACP, BAH, BAS, and constructive active-duty time – are each contrary to controlling law and factually unsupported by the AR.

Because Mr. Torrence identifies no prejudicial legal error, and because the AFBCMR's decision meets the applicable deferential standard of review, the Court should enter judgment for the United States.

ARGUMENT

I.     Mr. Torrence's Arguments That The United States "Misstated" The Factual Findings Of The CDIs In Its Opening Brief Are Misleading And Unsupported

Mr. Torrence's assertion on that the Government "misstated" the first CDI's findings is meritless.  Mr. Torrence contends the Government improperly suggested that the IO substantiated an "extramarital affair," when the IO expressly declined to substantiate sexual intercourse.  *See* ECF No. 35 at 5-8.  That argument mischaracterizes both the Government's brief and the Administrative Record.

The Government accurately quoted the IO's conclusion that Mr. Torrence "knowingly had an extramarital affair *or unprofessional relationship* that was prejudicial to good order and discipline," while the IO separately clarified that sexual intercourse was not proven.  AR 283. The operative, substantiated finding – an unprofessional relationship in violation of Air Force standards – was independently sufficient to support the LOR and subsequent actions, and it does not require proof of sexual conduct.  *See* AFI 36-2909; AFI 1-1.  The AFBCMR expressly recognized this distinction and nonetheless upheld the adverse actions, explaining that unprofessional relationships include conduct that reasonably creates the appearance of favoritism or misuse of position, regardless of whether sexual activity occurred.  AR 238-239. Mr. Torrence's attempt to reframe the issue as one of "adultery" thus attacks a finding that was neither made nor required, and it provides no basis for setting aside the AFBCMR's decision under the deferential standard of review.

Mr. Torrence's claim that the Government "misstated" the findings of the second CDI fares no better.  Mr. Torrence argues that the Government improperly characterized the IO as having made definitive findings of false official statements and fraternization when, in Mr. Torrence's view, the IO merely identified "inconsistencies" and acknowledged uncertainty as

3

to precise wording or intent.  See ECF No. 35 at 8-10.  That argument again misreads the record and misstates the applicable standard. The IO expressly substantiated that Mr. Torrence's statements concerning his interaction with the enlisted member were not truthful when compared against contemporaneous text messages, witness statements, and video evidence, and concluded that those misrepresentations were material.  AR 233-34.  The IO likewise substantiated fraternization based on Mr. Torrence's conduct while he was in uniform, with an enlisted airman, in a public setting, creating at least the appearance of an inappropriate officer-enlisted relationship.  AR 233-35.

The Government's brief accurately summarized those substantiated findings; it did not claim the IO proved criminal intent or applied a beyond a reasonable doubt standard.  Nor was such proof required.  Administrative investigations require only a preponderance of the evidence, and they do not demand identification of a single verbatim "false sentence" so long as the record supports a finding that the member made materially misleading statements.  *See* AFI 36-2907 ¶ 2.2.  The AFBCMR reviewed the same evidence, including the video Mr. Torrence relies upon, and expressly upheld both substantiated findings as rational and supported by substantial evidence.  AR 238-39.  Mr. Torrence's "misstatement" argument thus amounts to an invitation for the Court to re-weigh evidence and second-guess credibility determinations – a review that binding precedent squarely forbids.

II.     Record Evidence Contradicts Mr. Torrence's Allegation That The Government "Fabricated" Personal Observations By Col. Vargas

Mr. Torrence's assertion that the Government "fabricated" "personal observations" by Col. Vargas is incorrect and legally inconsequential.  *See* ECF No. 35 at 10.  The Government's opening brief did not claim that Col. Vargas personally witnessed the underlying misconduct; rather, it accurately stated that the LOR was issued "[b]ased on the IO's substantiated allegations

… and [Col. Vargas's] own observations," meaning his observations and assessment of Mr. Torrence's conduct, credibility, and demeanor as the commander exercising disciplinary authority.  AR 285-86.  Nothing in the record requires that a commander personally observe the underlying events in order to issue an LOR, nor does Mr. Torrence cite any authority imposing such a requirement.  To the contrary, AFI 36-2907 expressly authorizes commanders to take administrative action based on investigative findings and the commander's independent evaluation of the evidence and the member's response.  The recommendation of Brig. Gen. Bozard likewise reflects review of the CDI and Mr. Torrence's submissions, not eyewitness participation, and the absence of the phrase "personal observations" in that recommendation does not undermine the validity of Col. Vargas's action.  AR 564.  In any event, the AFBCMR reviewed the full record and upheld the LOR as supported by substantial evidence, rendering Mr. Torrence's semantic objection immaterial under the deferential standard of review.  *See Heisig v. United States*, 719 F.2d 1153, 1157 (Fed. Cir. 1983).

III.    Mr. Torrence's Contention That The CDI Investigations Fail The Substantial Evidence Test Is Meritless

Mr. Torrence's assertion that both investigations "fail the substantial evidence test" and misapply DAFMAN 1-101 and DAFI 36-2907 fundamentally misunderstands both the governing standard of review and the requirements of those authorities.  Substantial evidence does not require unanimity, certainty, or proof beyond doubt; it requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heisig v. United States*, 719 F.2d 1153, 1157 (Fed. Cir. 1983).

Here, each CDI applied the correct preponderance of the evidence standard prescribed by DAFI 36-2907 ¶ 2.2 and evaluated the totality of the evidence, including witness statements, contemporaneous communications, photographs, video footage, and Mr. Torrence's own

explanations.  AR 232-35.  DAFMAN 1-101 does not impose heightened evidentiary requirements or demand proof of criminal intent; it articulates professional standards of conduct and the obligation of officers to avoid behavior that undermines good order, discipline, or public confidence.  The IOs expressly assessed credibility, resolved inconsistencies, and articulated rational bases for their findings, and the AFBCMR independently reviewed the same record – on remand, including the video Mr. Torrence emphasizes – and concluded that both investigations were supported by substantial evidence and complied with applicable directives.  AR 238-39.

Mr. Torrence's mere disagreement with the weight assigned to the evidence or the IOs' credibility determinations does not convert those reasoned judgments into legal errors, nor does it permit this Court to re-weigh the evidence under RCFC 52.1.  *Porter v. United States*, 163 F.3d 1304, 1312 (Fed. Cir. 1998).

IV.    Mr. Torrence's Contention That He Was Not Allowed To Rebut Allegations Against Him Is Meritless

Mr. Torrence's contention (ECF No. 35 at 16-20) that Col. Vargas and Brig. Gen. Bozard improperly relied on "post-investigative" statements that he was not allowed to rebut is unsupported by the record and legally irrelevant.

The Administrative Record shows that Mr. Torrence was afforded multiple opportunities to respond to the allegations underlying both CDIs and the resulting LORs, and that his written rebuttals were considered by the deciding authorities.  AR 233-35, 238-39.  Mr. Torrence's argument hinges on two witness statements obtained in January 2018, but nothing in DAFI 36-2907 or DAFMAN 1-101 prohibits a commander from considering additional information relevant to filing determinations or personnel actions, nor do those authorities require a second, formal rebuttal opportunity for every item of corroborative information reviewed after an investigation concludes.

In any event, the AFBCMR expressly considered and rejected Mr. Torrence's claim, finding no procedural error and no prejudice, particularly where the substantiated misconduct rested on the CDIs themselves and on evidence Mr. Torrence had already addressed at length. AR 236-39.  To prevail, Mr. Torrence was required to show not only a procedural defect, but that the alleged defect was outcome-determinative.  *Bannum, Inc. v. United States*, 404 F.3d 1346, 1353 (Fed. Cir. 2005).  He made no such showing.  At bottom, Mr. Torrence again seeks to elevate a disagreement over the scope of rebuttal into reversible error, but the record reflects that he was afforded the process required by regulation and that the AFBCMR rationally upheld the actions taken.  This Court may not disturb that determination under the deferential standard of review.  *Heisig v. United States*, 719 F.2d 1153, 1157 (Fed. Cir. 1983).

V.      The AFBCMR Reasonably Rejected Mr. Torrence's Contention That Col. Vargas Did Not Possess Authority To Reprimand Him

Mr. Torrence's contention that Col. Vargas lacked authority to reprimand him for misconduct occurring while on Title 10 status is contrary to statute, regulation, and controlling JAG authority, and was reasonably rejected by the AFBCMR.  Mr. Torrence's argument rests on a false premise – that a commander's authority to issue administrative discipline is rigidly confined to the member's duty status at the precise moment of misconduct.  *See* ECF No. 35 at 20-24.  Neither statute nor regulation imposes such a limitation.

As the AFBCMR correctly explained, ANG commanders possess delegated authority from the Secretary of the Air Force to impose administrative actions, including Letters of Reprimand, where there is a Federal nexus between the officer's ANG membership and a violation of Federal military standards, regardless of whether the misconduct occurred during Title 10 or Title 32 service.  AR 236-37.  That conclusion is squarely supported by OpJAGAF 2014-6, which confirms that administrative discipline is not constrained by criminal

7

jurisdictional rules and may be exercised by appropriate commanders when the conduct bears on an officer's fitness, professionalism, and continued service.

Mr. Torrence's reliance on OpJAGAF 2019-21 is misplaced; that opinion addresses the allocation of authority for UCMJ and certain adverse actions under specific factual circumstances and does not prohibit an ANG commander from issuing an administrative reprimand for misconduct affecting good order and discipline of the unit. Moreover, Mr. Torrence's misconduct spanned duty statuses and directly implicated Air Force standards applicable to him as an ANG officer. AR 232-35.

The AFBCMR's determination that Col. Vargas acted within his delegated authority was thus rational, supported by the record, and entitled to deference. Mr. Torrence's contrary interpretation would improperly graft criminal-law jurisdictional limits onto routine administrative discipline, a result unsupported by law and inconsistent with longstanding military practice. *See Heisig v. United States*, 719 F.2d 1153, 1157 (Fed. Cir. 1983).

VI.    Mr. Torrence's Retaliation Allegations – Whether Framed As Relevant Or Not – Provide No Ground For Relief

Mr. Torrence's assertion (ECF No. 35 at 19-20) that his equal opportunity (EO) retaliation allegations are "not relevant" to this action only underscores why those claims provide no basis for relief and should play no role in the Court's review. To the extent Mr. Torrence disclaims reliance on EO or reprisal allegations under 10 U.S.C. § 1034, those claims are waived and properly excluded from consideration. In any event, such allegations fall outside this Court's jurisdiction and cannot be used to collaterally attack otherwise lawful administrative actions. *See Chappell v. Wallace*, 462 U.S. 296, 303 (1983); *Reed v. United States*, 39 Fed. Cl. 417, 424 (1997).

The AFBCMR nonetheless reviewed Mr. Torrence's retaliation assertions, including materials from the EO process, and reasonably found no evidence that the CDIs, LORs, OPR, or AGR curtailment were motivated by reprisal rather than substantiated misconduct. AR 233-35, 238. Plaintiff may not simultaneously argue that EO claims are irrelevant while invoking alleged discriminatory or retaliatory motives to cast doubt on the AFBCMR's decision. Because the AFBCMR addressed the issue and Mr. Torrence identifies no legal error or prejudice, the EO allegations – whether framed as relevant or not – provide no ground for relief under RCFC 52.1.

<u>CONCLUSION</u>

The AFBCMR thoroughly reviewed Mr. Torrence's arguments – including new evidence and video footage on remand – and concluded that the CDIs, LORs, referral OPR, and AGR curtailment were fully supported by substantial evidence and consistent with Air Force standards. Mr. Torrence's reply brief asks the Court to reweigh evidence and substitute its judgment for the military's, which controlling Federal Circuit precedent forbids. Accordingly, we respectfully request that the Court grant the Government's cross-motion for judgment on the Administrative Record and deny Mr. Torrence's motion.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/William J. Grimaldi
WILLIAM J. GRIMALDI
Assistant Director

Of Counsel:                                        /s/Delisa M. Sánchez
                                                   DELISA M. SANCHEZ
MAJ DAVID L. CHEWNING                              Trial Attorney
Litigation Attorney                               Commercial Litigation Branch
United States Air Force                           Civil Division
Military Personnel Division                        U.S. Department of Justice
1500 West Perimeter Road, Suite 1370              P.O. Box 480
Joint Base Andrews, MD 20762                       Ben Franklin Station
                                                   Washington, D.C. 20044
                                                   Telephone: (202) 616-0337

December 17, 2025                                  Attorneys for Defendant

10