No. 24-258
(Judge Katherine C. Davis)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JENNER TORRENCE,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO PRESENT TESTIMONY DURING ORAL ARGUMENT**

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

WILLIAM J. GRIMALDI
Assistant Director

DELISA M. SANCHEZ
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0337

Attorneys for Defendant

Of Counsel:

MAJ AARON E. ALLARD
Litigation Attorney
United States Air Force
Military Personnel Division
1500 West Perimeter Road
Joint Base Andrews, MD 20762

April 20, 2026

# TABLE OF CONTENTS

INTRODUCTION .......... 1

ARGUMENT .......... 2

I. Mr. Torrence's Proposed Testimony Is Inadmissible And Improper In A Record Review Case.......... 2

II. The Court Is Precluded From Reweighing Evidence In A Record Review Case .......... 4

III. The Federal Circuit's *Axiom* Decision Is Dispositive .......... 7

IV. The Authorities Mr. Torrence Cites Do Not Support His Request.......... 9

CONCLUSION .......... 19

## TABLE OF AUTHORITIES


**Cases** **Page(s)**

*Adkins v. United States*,
68 F.3d 1317 (Fed. Cir.1995) .......... 5

*AgustaWestland N. Am., Inc. v. United States*,
880 F.3d 1326 (Fed. Cir. 2018) .......... *passim*

*American Wildlands v. Kempthorne*,
530 F.3d 991 (D.C. Cir. 2008) .......... 11, 12

*Axiom Res. Mgmt., Inc. v. United States*,
564 F.3d 1374 (Fed. Cir. 2009) .......... *passim*

*Barnick v. United States*,
591 F.3d 1372 (Fed. Cir. 2010) .......... 5

*Bernard v. United States*,
59 Fed. Cl. 497 (2004) .......... 6

*Bockoven v. United States*,
727 F.2d 1558 (Fed. Cir.1984), *cert. denied*, 469 U.S. 880 (1984) .......... 5

*Borowski v. U.S. Customs & Border Prot.*,
771 F. Supp. 3d 223 (W.D.N.Y. 2025) .......... 3, 12, 13

*Chambers v. United States*,
417 F.3d 1218 (Fed. Cir. 2005) .......... 5

*Dorl v. United States*,
200 Ct. Cl. 626 (1973), *cert. denied*, 414 U.S. 1032 (1973) .......... 5

*Franks v. Salazar*,
751 F. Supp. 2d 62 (D.D.C. 2010) .......... 6, 13, 14

*Global Computer Enterprises, Inc. v. United States*,
88 Fed. Cl. 52 (2009) .......... 14, 15

*Hary v. United States*,
223 Ct. Cl. 10 (1980) .......... 6

*Heisig v. United States*,
719 F.2d 1153 (Fed. Cir. 1983) .......... 5

*Inland Empire Public Lands Council v. Glickman*,
88 F.3d 697 (9th Cir. 1996) .................... 15

*Keltner v. United States*,
165 Fed. Cl. 484 (2023) .................... 2, 7, 16

*Koretsky v. United States*,
57 Fed. Cl. 154 (2003) .................... 4

*Long v. United States*,
12 Cl. Ct. 174 (1987) .................... 5

*Murphy v. United States*,
993 F.2d 871 (Fed.Cir.1993) .................... 5

*Oregon Natural Desert Ass'n v. Wetzel*,
No. 04-334-KI, 2005 WL 2002403 (D. Or. Aug. 17, 2005) .................... 16, 17

*Porter v. United States*,
163 F.3d 1304 (Fed. Cir. 1998) .................... 4

*Safeguard Base Operations, LLC v. United States*,
989 F.3d 1326 (Fed. Cir. 2021) .................... 18

*Sargisson v. United States*,
913 F.2d 918 (Fed. Cir. 1990) .................... 5

*Seafarers International Union of North America v. United States*,
891 F. Supp. 641 (D.D.C. 1995) .................... 18, 19

*Van Cleave v. United States*,
70 Fed. Cl. 674 (2006) .................... 5

*Wronke v. Marsh*,
787 F.2d 1569 (Fed. Cir. 1986) .................... 5

*Wyatt v. United States*,
23 Cl. Ct. 314 (1991) .................... 5

**Rules**

RCFC 52.1 .................... 16

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JENNER M. TORRENCE, | ) | |
| | ) | |
| Mr. Torrence, | ) | |
| | ) | No. 24-258 |
| v. | ) | (Judge Katherine C. Davis) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION TO PRESENT TESTIMONY DURING ORAL ARGUMENT**

Defendant, the United States, respectfully submits the following response in opposition to the motion submitted by plaintiff, Jenner M. Torrence, requesting that he be allowed to testify during the Court's May 22, 2026 oral argument on the parties' motions for judgment on the Administrative Record.

**INTRODUCTION**

Mr. Torrence's motion asks this Court to do something it is not permitted to do in a case governed by review on the administrative record: receive live testimony during oral argument on cross-motions for judgment on that record. Granting such a request would not merely be unusual – it would be reversible error. The Federal Circuit has made clear that judicial review under the Administrative Procedure Act is confined to the record before the agency, and that departures from that rule risk converting deferential record review into impermissible de novo factfinding. *AgustaWestland N. Am., Inc. v. United States*, 880 F.3d 1326, 1338 (Fed. Cir. 2018); *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379-80 (Fed. Cir. 2009). That prohibition applies with particular force in military pay cases, where the Court reviews the decision of a correction board – in this case a decision of the Air Force Board for Correction of Military Records

(AFBCMR) – under a highly deferential standard and resolves the case based on the existing administrative record. *Keltner v. United States*, 165 Fed. Cl. 484, 493-94 (2023).

Mr. Torrence's motion is irreconcilable with these principles. It seeks to introduce testimony, by definition extra-record material, at the very moment when the Court's role is limited to evaluating the sufficiency of the existing record. The Federal Circuit has cautioned repeatedly that allowing extra-record evidence risks transforming arbitrary-and-capricious review into a de novo proceeding, a result the law expressly forbids. *AgustaWestland*, 880 F.3d at 1338. Because Mr. Torrence's request would require the Court to depart from settled law governing record review, the motion must be denied.

## ARGUMENT

### I. Mr. Torrence's Proposed Testimony Is Inadmissible And Improper In A Record Review Case

Mr. Torrence attempts to characterize his proposed testimony as benign, asserting that it would merely "provide the court with knowledge already held by the original agency actors" and allow the Court to "see what the agency saw, as the agency saw it." Pl. Mot. at 1-2. That framing does not withstand scrutiny. In substance, Mr. Torrence seeks to offer his own interpretation of what other individuals perceived, understood, or intended – namely, the mental impressions of the "original agency actors." *Id.* Such testimony is inherently speculative and inadmissible.

Courts reviewing agency action do not receive testimony regarding the subjective thought processes of agency decisionmakers. To the contrary, the administrative record itself is the exclusive repository of what the agency "saw" and "considered." Judicial inquiry is limited to that record, and courts may not probe the mental processes of decisionmakers absent extraordinary circumstances not alleged here. The governing framework presumes that the

agency properly compiled the record and that the record reflects the basis for its decision. *Borowski v. U.S. Customs & Border Prot.*, 771 F. Supp. 3d 223, 232-33 (W.D.N.Y. 2025).

Mr. Torrence's proposed testimony thus runs afoul of two independent prohibitions. First, it constitutes extra-record evidence offered outside the narrow circumstances in which supplementation is permitted. Second, it improperly invites inquiry into subjective mental impressions that are neither cognizable nor reviewable in a military pay case where the Court is limited to administrative record review. In a military pay case, where review is already circumscribed and deferential, the impropriety is even more pronounced. The Court evaluates whether the correction board's decision is supported by substantial evidence and is not arbitrary or capricious, not what Mr. Torrence believes agency officials were thinking.

To the extent Mr. Torrence now contends that the testimony he seeks to present is important to the resolution of his claims, he had a full and fair opportunity to present that very evidence to the correction board in the first instance. The administrative process expressly permits applicants to submit supporting materials, including sworn declarations or affidavits, to ensure that the board considers all relevant evidence before rendering its decision, and Mr. Torrence availed himself of that opportunity. Mr. Torrence admits that in his motion: "In his complaint, and even more in his Motion for Judgment on the Administrative Record, Mr. Torrence has described at some length what does and does not occur in the photos and film" that are included in the Administrative Record. *See* Pl. Mot. at 3 (citing Compl. 55-58; Dkt. 31, p.11-12.). Mr. Torrence further explains that he also "discussed these matters in his prior objections in the record, to include his most recent petition to the AFBCMR." Pl. Mot. at 3 (referencing AR 365, 482-483). Therefore, the Administrative Recold already contains the information that Mr. Torrence proposes to testify about during oral argument.

Accordingly, Mr. Torrence cannot now attempt to introduce the same material – recast as live testimony – during oral argument in this case. The law is clear that review is confined to the record that was before the agency at the time of its decision, and a party may not cure omissions in that record by presenting new or repackaged evidence in court. Allowing Mr. Torrence to do so would not only undermine the integrity of the administrative process but would also improperly shift the locus of fact development from the agency to the Court, in direct contravention of the deferential standard governing review of correction board decisions.

Allowing such testimony during oral argument would collapse these boundaries and invite precisely the type of speculative, post hoc narrative that record review cases forbid.

## II. The Court Is Precluded From Reweighing Evidence In A Record Review Case

Mr. Torrence's motion contains a concession that is dispositive. He admits that the testimony he seeks to "introduce" is already contained in the administrative record. Pl. Mot. at 2. That admission eliminates any conceivable justification for live testimony.

When reviewing cross-motions for judgment on the administrative record, the Court's task is to determine, based on the existing record, whether the agency's decision satisfies the applicable standard of review. In this case, the Court is governed by the well-settled standards governing review of military correction board decisions. Once a plaintiff seeks relief from a military corrections board, the board's determination binds him unless he can demonstrate that it was arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations. *Porter v. United States*, 163 F.3d 1304, 1312 (Fed. Cir. 1998) (citation omitted); *Koretsky v. United States*, 57 Fed. Cl. 154, 158 (2003). Mr. Torrence can only meet his considerable burden by presenting "cogent and convincing evidence" that the AFBCMR's

decision was in error. *Dorl v. United States*, 200 Ct. Cl. 626, 633 (1973), *cert. denied*, 414 U.S. 1032 (1973).

When the Court is asked to review the administrative decision of a military agency, the standard of review is deferential so as to "not disturb the decision of the [agency] unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Barnick v. United States*, 591 F.3d 1372, 1377 (Fed. Cir. 2010) (citing *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005)); *see also Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed. Cir. 1986). As the Federal Circuit has explained, "[t]he merits of a service secretary's decision regarding military affairs are unquestionably beyond the competence of the judiciary to review." *Adkins v. United States*, 68 F.3d 1317, 1322 (Fed. Cir.1995). Instead, this Court's review is limited to certain narrow circumstances where military regulations provide a standard against which the Court can measure the military's conduct. *Murphy v. United States*, 993 F.2d 871, 873 (Fed.Cir.1993) (quoting *Sargisson v. United States*, 913 F.2d 918, 922 (Fed. Cir. 1990)).

This standard of review "does not require a reweighing of the evidence, but a determination whether *the conclusion being reviewed* is supported by substantial evidence." *Heisig v. United States*, 719 F.2d 1153, 1157 (Fed. Cir. 1983) (emphasis in original). When substantial evidence supports a board's action, and that action is reasonable in light of all the evidence presented, the Court will not disturb the result because it does not sit as a "super correction board[.]" *Van Cleave v. United States*, 70 Fed. Cl. 674, 678-79 (2006).

Judicial review in this case is limited to the administrative record before the AFBCMR. *See Wyatt v. United States*, 23 Cl. Ct. 314, 319 (1991); *Long v. United States*, 12 Cl. Ct. 174, 177 (1987). Courts presume civil and military officials in the armed forces act properly and in accordance with the law. *Bockoven v. United States*, 727 F.2d 1558, 1563 (Fed. Cir.1984), *cert.*

*denied*, 469 U.S. 880 (1984). Accordingly, Mr. Torrence bears the heavy burden of overcoming the "strong, but rebuttable, presumption" that the military discharges its duties "correctly, lawfully and in good faith." *Bernard v. United States*, 59 Fed. Cl. 497, 501 (2004) (quoting *Hary v. United States*, 223 Ct. Cl. 10, 17 (1980)).

The role of counsel during oral argument is correspondingly limited: to direct the Court to relevant portions of that record and explain why those materials support their client's position. The Court does not receive evidence at oral argument; it evaluates arguments about evidence already in the record.

If, as Mr. Torrence asserts, the relevant information is already before the Court, then no testimony is necessary or permissible Mr. Torrence's counsel is capable of presenting the record through advocacy. The request for live testimony therefore serves no legitimate purpose. It is not a means of clarifying the record; it is an attempt to repackage and recharacterize the record through unsworn narrative, thereby circumventing the constraints of record review.

The law does not permit such an end-run around the administrative record. To the contrary, courts have emphasized that judicial review must consider "neither more nor less than what was before the agency." *Franks v. Salazar*, 751 F. Supp. 2d 62, 66 (D.D.C. 2010). Mr. Torrence's motion seeks to do both – add to and reinterpret the record – and must be rejected on that basis alone.

At bottom, Mr. Torrence's motion is not about clarifying the record. It is an attempt to reframe it. By offering his own narrative of events and his interpretation of what agency officials purportedly "saw," Mr. Torrence seeks to persuade the Court to reweigh the evidence and to revisit the correction board's credibility determinations.

That is precisely what this Court cannot do. In reviewing a correction board decision, the Court does not sit as a factfinder evaluating witness credibility or resolving evidentiary conflicts anew. Its role is limited to determining whether the board's decision is supported by substantial evidence and is not arbitrary, capricious, or contrary to law. *Keltner*, 165 Fed. Cl. at 493-94. The Court must defer to the board's factfinding and may not substitute its own judgment for that of the agency.

Allowing Mr. Torrence to testify during oral argument would invite the Court to do exactly that. It would transform oral argument into a vehicle for introducing a new narrative, encouraging the Court to reconsider the weight and credibility of evidence already evaluated by the board. That is the essence of de novo review, and it is foreclosed by governing law.

The prohibition against such reweighing is not a technicality; it is a cornerstone of administrative law. It preserves the proper allocation of authority between agencies and courts and ensures that judicial review remains deferential rather than intrusive. Because Mr. Torrence's motion would upend that framework, the Court should deny Mr. Torrence's motion.

## III. **<u>The Federal Circuit's *Axiom* Decision Is Dispositive</u>**

The Federal Circuit's decision in *Axiom* should control here because it directly addresses, and rejects, the precise type of expansion of the record Mr. Torrence seeks. In *Axiom*, the Court of Federal Claims permitted supplementation without first determining whether the existing record was sufficient for meaningful judicial review. The Federal Circuit reversed, making clear that this was legal error, explaining that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing

court," and emphasizing that supplementation is permissible only where "the omission of extra-record evidence precludes effective judicial review." *Axiom*, 564 F.3d at 1379.

The court further cautioned that failure to adhere to this limitation risks transforming record review into "effectively de novo review," which is impermissible. *Id*. at 1380. That is exactly the error Mr. Torrence invites this Court to commit. Unlike even the improper supplementation in *Axiom*, Mr. Torrence does not identify any deficiency in the administrative record – indeed, he concedes that the information he seeks to present is already included in it. Pl. Mot. at 2. Under *Axiom*, that concession ends the inquiry: where the record is sufficient, there is no basis, let alone a lawful one, for introducing additional material, whether through declarations, supplementation, or live testimony at oral argument.

Granting Mr. Torrence's motion would replicate the very error the Federal Circuit reversed in *Axiom* because it would allow the Court to consider material outside the administrative record without first identifying any deficiency in that record requiring supplementation. In *Axiom*, the error was not merely the addition of extra-record evidence, but the failure to respect the fundamental limitation that judicial review must be confined to the record before the agency unless omission of evidence makes meaningful review impossible. 564 F.3d at 1379-80. Here, Mr. Torrence seeks to go even further – by presenting live testimony during oral argument – despite conceding that the relevant information is already contained in the record. Pl. Mot. at 2. Allowing such testimony would necessarily invite the Court to consider new characterizations, interpretations, and narrative framing of the evidence outside the administrative record itself. That is precisely how deferential review is transformed into a de novo evidentiary proceeding: the Court would no longer be evaluating the agency's decision based on the record it had, but instead assessing evidence and argument developed for the first

time in litigation. As *Axiom* makes clear, that is not a permissible exercise of judicial review, but a reversible departure from the governing standard.

Any deviation from the Federal Circuit's directive in *Axiom* would constitute reversible error because *Axiom* articulates a binding limitation on the scope of judicial review in a record review case that this Court is not free to disregard. The Federal Circuit made clear that review must be confined to the administrative record unless the omission of extra-record material renders meaningful review impossible, and it reversed the Court of Federal Claims precisely for failing to adhere to that standard. *Axiom*, 564 F.3d at 1379-80. That holding is not advisory; it is controlling law that defines the boundary between permissible record review and impermissible de novo adjudication. If this Court were to allow Mr. Torrence to present testimony during oral argument notwithstanding the absence of any record deficiency and, indeed, despite Mr. Torrence's admission that the information is already in the record (Pl. Mot. at 2) it would replicate the same legal error identified in *Axiom*: expanding the evidentiary basis of review without justification. Because the Federal Circuit has already held that such a departure constitutes an abuse of discretion, any similar deviation here would necessarily invite reversal on appeal.

## IV. <u>The Authorities Mr. Torrence Cites Do Not Support His Request</u>

Mr. Torrence invokes a collection of eleven cases in an effort to justify the extraordinary step of presenting live testimony during oral argument in a record-review case. A careful examination of those authorities reveals that none supports his request. To the contrary, each reinforces the opposite proposition: that judicial review is confined to the administrative record, that supplementation is disfavored and tightly constrained, and that courts must resist efforts to convert deferential review into a de novo proceeding.

Mr. Torrence appears to invoke *AgustaWestland* for the general proposition that a court may consider material beyond the administrative record in order to ensure meaningful judicial review. *See* Pl. Mot. at 5. But that is not the entirety of what the Federal Circuit held. In *AgustaWestland*, the Federal Circuit squarely rejected the improper expansion of the administrative record, holding that the Court of Federal Claims abused its discretion by supplementing the record without a sufficient basis. *AgustaWestland*, 880 F.3d at 1338. The court emphasized that judicial review must be anchored in the record before the agency and warned against the introduction of additional material absent a demonstrated necessity for meaningful review. *Id*. Mr. Torrence's request here is even more attenuated than the supplementation rejected in *AgustaWestland*: he does not seek to correct a deficiency in the record but to present live testimony during oral argument – an even more intrusive departure from record review. If anything, *AgustaWestland* underscores that such a request would constitute an abuse of discretion.

Thus, far from supporting Mr. Torrence's request, *AgustaWestland* underscores that expansion of the record is disfavored and constitutes legal error absent a demonstrated necessity tied to meaningful review. In fact, the lower court in *AgustaWestland* relied on conclusory statements of an inability to conduct effective, review, and the appellate court conducted its own analysis "[w]e have examined the administrative record and find it sufficient to review." *Id*. at 1332. Mr. Torrence identifies no such demonstrated necessity here – indeed, he concedes that the material he seeks to present is already contained in the administrative record. Pl. Mot. at 2. Under *AgustaWestland*, that concession forecloses any basis for introducing additional material, let alone presenting live testimony during oral argument.

Mr. Torrence's reliance on *Axiom Resource Management, Inc. v. United States*, 564 F.3d 1374 (Fed. Cir. 2009), is fundamentally misplaced. Mr. Torrence appears to cite *Axiom* for the generalized proposition that a court may consider materials outside the administrative record where necessary to ensure meaningful judicial review. *See* Pl. Mot. at 5. But the actual holding of *Axiom* imposes a strict limitation, not an invitation, on supplementation. The Federal Circuit made clear that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court," and held that supplementation is permissible only where "the omission of extra-record evidence precludes effective judicial review." *Axiom*, 564 F.3d at 1379. The court further cautioned that failure to adhere to this limitation risks transforming administrative record review cases into *de novo* review cases, which is impermissible. *Id*. at 1380. *Axiom* does not support Mr. Torrence's request but instead forecloses it. Mr. Torrence does not, and cannot, argue that the administrative record is insufficient to permit meaningful review. To the contrary, he concedes that the information he seeks to present is already contained in the record. Pl. Mot. at 2. Under *Axiom*, that concession is dispositive: where the record is adequate, there is no lawful basis to introduce additional material, whether through declarations, supplementation, or, as here, live testimony at oral argument. Mr. Torrence's attempt to rely on *Axiom* therefore misreads the decision and underscores the incompatibility of his request with controlling Federal Circuit precedent.

Mr. Torrence's reliance on *American Wildlands v. Kempthorne*, 530 F.3d 991 (D.C. Cir. 2008), fares no better. Mr. Torrence appears to cite *American Wildlands* for the unremarkable proposition that a reviewing court may, in limited circumstances, consider extra-record material when evaluating agency action. *See* Pl. Mot. at 7. But the actual holding of *American Wildlands*

underscores the opposite principle: that judicial review is "highly deferential" and confined to the administrative record, and that courts must not substitute their judgment for that of the agency. *American Wildlands*, 530 F.3d at 1000. Nothing in that court's decision provides a basis for litigants to supplement the record based on their own interpretation of events, nor does it permit the introduction of testimony during judicial proceedings to reframe the factual record.

The holding in *American Wildlands* reinforces that a court's role is limited to assessing whether the agency's decision is supported by the record before it, not to expanding that record or revisiting factual determinations through *post hoc* evidentiary submissions during oral argument. Mr. Torrence's attempt to rely on *American Wildlands* to justify live testimony at oral argument thus misreads the case. Rather than supporting Mr. Torrence's request, the decision confirms that this Court must remain within the confines of the administrative record and apply a deferential standard of review.

Mr. Torrence invokes *Borowski* for the narrow – and ultimately unavailing – proposition that a court reviewing agency action may, in limited circumstances, consider material outside the administrative record. Specifically, Mr. Torrence relies on *Borowski* for his assertion that "if personal information has been redacted from a record, but that personal information was in front of agency decisionmakers, it should be placed in front of the court as well – unless the parties agree that the information is irrelevant." *See* Pl. Mot. at 6. According to Mr. Torrence, the "personal information" missing from the record is the names of the "names of the persons depicted" in video footage and images. *Id*.

*Borowski*, however, does not provide support for Mr. Torrence's position that oral testimony by a plaintiff is appropriate during oral argument, much less speculative testimony about the mental impressions of agency actors, but instead underscores that extra-record

evidence is disfavored and permitted only in "special circumstances" not present here. In *Borowski*, the court rejected a plaintiff's effort to expand the administrative record based on speculative assertions about what the agency may have considered. *Borowski*, 771 F. Supp. 3d at 232-33. The court emphasized the presumption of regularity afforded to the agency's record and held that conclusory or speculative claims are insufficient to justify supplementation. *Id.* Mr. Torrence's motion suffers from the same defect: he seeks to provide testimony about what agency actors allegedly "knew" or "saw," without any basis to overcome the presumption that the administrative record already captures the relevant information. *Borowski* thus directly forecloses the type of speculative supplementation Mr. Torrence seeks.

Mr. Torrence similarly invokes *Franks v. Salazar*, 751 F. Supp. 2d 62 (D.D.C. 2010), for the proposition that a court may look beyond the administrative record when evaluating whether the agency failed to consider relevant information or omitted materials from the record. *See* Pl. Mot. at 6. In substance, Mr. Torrence relies on *Franks* for the limited principle that supplementation may be appropriate where there is evidence that the agency excluded materials that were actually before it or where one of the narrow exceptions to record review applies. The court explained that supplementation is appropriate only in narrow circumstances and requires a concrete showing that materials were before the agency. Mr. Torrence makes no such showing. Instead, he admits the information is already in the record and seeks to present it again through testimony. That is not supplementation; it is duplication coupled with reinterpretation and nothing in the *Franks* decision stands for that proposition.

Accordingly, the actual holding of *Franks* cuts sharply against Mr. Torrence's position. As the court explained, supplementation is improper absent concrete, non-speculative evidence that additional materials were considered by the agency, and the "strong presumption of

regularity" governing the administrative record cannot be overcome by conjecture. *Franks* reinforces that extra-record material is not permitted based on speculation, conjecture, or a litigant's desire to reframe the record. Mr. Torrence's reliance on *Franks* is therefore misplaced. Rather than supporting the introduction of testimony at oral argument, the decision confirms that supplementation is the rare exception and requires a concrete evidentiary showing – precisely what is absent here.

Mr. Torrence's reliance on *Global Computer Enterprises, Inc. v. United States*, 88 Fed. Cl. 52 (2009), is likewise misplaced. Mr. Torrence appears to cite *Global Computer* for the proposition that a court may consider extra-record declarations or other materials in connection with a motion for judgment on the administrative record. *See* Pl. Mot. at 4-5. But the context and holding of that case are critically different and do not support the relief Mr. Torrence seeks here.

In *Global Computer*, the Court of Federal Claims addressed a bid protest in which the parties submitted declarations in connection with specific, limited issues – such as the risk of harm in the context of injunctive relief – and the court carefully scrutinized whether those materials were admissible, striking portions that constituted improper lay opinion, hearsay, or cumulative evidence. *Global Computer*, 88 Fed. Cl. at 62-64. Even in that context, the court did not open the door to unfettered supplementation but instead enforced strict evidentiary boundaries and confined its consideration to what was necessary for the issues properly before it.

More importantly, *Global Computer* predates the Federal Circuit's decision in *Axiom*, which clarified and narrowed the circumstances under which extra-record evidence may be considered. *See Global Computer*, 88 Fed. Cl. at 63 n.5 (noting that briefing concluded before *Axiom* was decided). To the extent *Global Computer* could be read to permit broader

supplementation, it must be understood in light of, and constrained by, the Federal Circuit's subsequent directive in *Axiom*. Finally, *Global Computer* does not authorize the introduction of live testimony during oral argument, nor does it support Mr. Torrence's attempt to reframe the administrative record through *post hoc* narrative testimony. At most, it reflects a context-specific and tightly controlled consideration of declarations in a bid protest setting – circumstances wholly absent here. Mr. Torrence's reliance on *Global Computer* is therefore misplaced, as the case provides no support for the extraordinary procedural departure he seeks.

Mr. Torrence's reliance on *Inland Empire Public Lands Council v. Glickman*, 88 F.3d 697 (9th Cir. 1996) is equally unavailing. Mr. Torrence appears to cite *Inland Empire* for the general proposition that a court may, in limited circumstances, look beyond the administrative record when reviewing agency action. Pl. Mot. at 6. But the actual holding of *Inland Empire* underscores the opposite principle: that judicial review is ordinarily confined to the administrative record and that courts must not consider extra-record materials absent a narrow and well-justified exception. *Inland Empire*, 88 F.3d at 703-04. Indeed, the Ninth Circuit affirmed the exclusion of extra-record evidence and emphasized that supplementation is not a vehicle for a party to introduce its own version of the facts or to reframe the agency's decision. *Id*.

Thus, *Inland Empire* reinforces the foundational rule that the administrative record defines the universe of review and that courts must resist efforts to expand that record based on a litigant's preferences. Mr. Torrence's request to present live testimony during oral argument – despite conceding that the relevant information is already contained in the record – runs directly counter to that rule. Rather than supporting Mr. Torrence's motion, *Inland Empire* confirms that

the Court should decline to consider extra-record material and should instead confine its review to the record that was before the agency.

Mr. Torrence's reliance on *Keltner* is particularly misplaced given the posture of this case. Mr. Torrence appears to cite *Keltner* for the uncontroversial proposition that the Court resolves military pay claims through motions for judgment on the administrative record. *See* Pl. Mot. at 4. But that proposition undermines Mr. Torrence's request. As *Keltner* makes clear, cases of this kind are decided under RCFC 52.1, which requires the Court to "make factual findings from the record evidence as if it were conducting a trial on a paper record," while applying a deferential standard of review to the correction board's decision. *Keltner*, 165 Fed. Cl. at 493-94.

Nothing in *Keltner* suggests that a party may supplement that record through live testimony at oral argument. To the contrary, the decision presupposes that the Court's review is confined to the administrative record and that the parties' role is to argue that record, not to expand it. Indeed, allowing testimony would fundamentally alter the RCFC 52.1 framework by introducing new evidence outside the record and inviting the Court to engage in fact finding beyond what the agency considered. *Keltner* reinforces that this is a record review case governed by a deferential standard, and that the Court's analysis must be anchored exclusively in the administrative record. Mr. Torrence's attempt to rely on *Keltner* to justify live testimony during oral argument therefore misreads the case and highlights the incompatibility of his request with the governing framework.

Mr. Torrence's reliance on *Oregon Natural Desert Ass'n v. Wetzel*, No. 04-334-KI, 2005 WL 2002403 (D. Or. Aug. 17, 2005), is likewise misplaced. Mr. Torrence cites *Oregon Natural Desert* for the proposition that the court in that case permitted an "agency official to describe

what he saw in photographs to clarify what they meant, when those photographs were part of the record." Pl. Mot. at 5 (FN 24). But the decision itself reflects nothing more than routine application of the principles governing record review cases. In *Oregon Natural Desert*, the court resolved the parties' cross-motions based on the administrative record compiled by the agency and did not authorize the introduction of live testimony or other extra-record evidentiary submissions. *See* 2005 WL 2002403, at *1. *Oregon Natural Desert* reinforces that judicial review proceeds on the basis of the record before the agency and that a court's role is to evaluate that record under a deferential standard – not to expand it through *post hoc* evidentiary presentations. Mr. Torrence's attempt to rely on this case to justify presenting testimony during oral argument thus misreads its holding. Far from supporting Mr. Torrence's request, the decision confirms that this Court should confine its review to the administrative record and reject efforts to introduce new or repackaged evidence during judicial proceedings.

Mr. Torrence's reliance on *Safeguard Base Operations, LLC v. United States*, 989 F.3d 1326 (Fed. Cir. 2021), is similarly misplaced. Mr. Torrence appears to cite *Safeguard Base Operations* for the general proposition that a court reviewing agency action may consider additional materials or engage more searching review of the record. *See* Pl. Mot. at 5. But the Federal Circuit's holding confirms the opposite principle: that record review cases are deferential and confined to the administrative record, and that a court's task is to determine whether the agency's decision was rational and based on that record, not to supplement or expand it. *Safeguard Base Operations*, 989 F.3d at 1340-41. Nothing in *Safeguard Base Operations* authorizes the introduction of live testimony during judicial review, much less during oral argument. To the contrary, the decision reflects the standard paradigm in which the reviewing court evaluates the agency's decision based solely on the administrate record before it and

applies a deferential standard of review to the agency's judgments. Allowing Mr. Torrence to present testimony here would depart from that paradigm by introducing new material and inviting the Court to engage in fact finding beyond the record, which is precisely what the holding in *Safeguard Base Operations* does not permit. Properly understood, the case reinforces that this Court must confine its review to the administrative record and reject Mr. Torrence's attempt to expand it through *post hoc* evidentiary submissions.

Mr. Torrence's reliance on *Seafarers International Union of North America v. United States*, 891 F. Supp. 641 (D.D.C. 1995), is equally misplaced. Mr. Torrence cites *Seafarers* in support of his contention that "in APA cases, other courts have found supplementation to be appropriate to describe background information that was available to the agency when it made its decisions, when that evidence may not be clear to the reviewing court." *See* Pl. Mot. at 5. But the decision itself reinforces the opposite principle: that judicial review proceeds on the basis of the administrative record and that parties may not raise new factual arguments or evidentiary theories for the first time before the court. Indeed, *Seafarers* underscores that arguments not presented to the agency may be deemed waived, explaining that "judicial review might be hindered by the failure of the litigant to allow the agency to make a factual record, exercise its discretion, or apply its expertise." *Seafarers*, 891 F. Supp. at 650. The court emphasized that issues and evidence should be presented in the first instance to the agency, not developed for the first time during judicial review. *Id*. As explained above in Section I, Mr. Torrence concedes on page three of his motion that the substance of the testimony he is proposing to give during oral argument is contained in available for the Court to review in the Administrative Record, the Complaint, and addressed in his motion for judgment on the Administrative Record. *See* Pl. Mot. at 3. Therefore, Mr. Torrence's proposed testimony could only serve to introduce new

factual material during the oral argument that should have been presented, if at all, during the administrative process. Accordingly, *Seafarers* does not support Mr. Torrence's request but instead confirms that the Court should reject it. The decision reinforces that the integrity of administrative review depends on confining the Court's analysis to the record developed before the agency and declining to consider new evidence or arguments raised for the first time in litigation.

In sum, each of Mr. Torrence's cited authorities reinforces the same governing rule: judicial review is confined to the administrative record, supplementation is exceptional and narrowly circumscribed, and courts must avoid transforming deferential review into a de novo proceeding. Mr. Torrence's motion, which seeks to introduce live testimony during oral argument despite conceding that the relevant information is already in the record, finds no support in these cases. To grant it would require the Court to do precisely what these authorities forbid.

## CONCLUSION

Mr. Torrence's request to present testimony during oral argument is incompatible with the fundamental principles governing judicial review on the administrative record in a military pay case. It seeks to introduce extra-record material and to invite the Court to engage in *de novo* factfinding and reweighing of evidence. The authorities Mr. Torrence cites do not support such a departure; they uniformly caution against it.

Because granting the motion would contravene settled law and risk reversible error, the Court should deny Mr. Torrence's motion in its entirety.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

WILLIAM J. GRIMALDI
Assistant Director

/s/Delisa M. Sánchez
DELISA M. SANCHEZ
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0337

Attorneys for Defendant

Of Counsel:

MAJ AARON E. ALLARD
Litigation Attorney
United States Air Force
Military Personnel Division
1500 West Perimeter Road
Joint Base Andrews, MD 20762

April 20, 2026