**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| JENNER TORRENCE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 24-258<br><br>Filed: May 18, 2026 |

**OPINION AND ORDER**

On April 6, 2026, Plaintiff filed a Motion to Present Limited Testimony at Upcoming Hearing. *See* Pl.'s Mot. to Present Limited Testimony at Upcoming Hearing, ECF No. 41. Plaintiff requests permission to testify at the oral argument on the parties' Cross-Motions for Judgment on the Administrative Record, which is scheduled for May 22, 2026. *Id.* at 1. The Government opposes. *See* Def.'s Resp. in Opp'n to Pl.'s Mot. to Present Limited Testimony at Upcoming Hearing, ECF No. 42. For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

## I. BACKGROUND

Plaintiff seeks leave to present testimony in order to identify relevant people—including himself—in the photos and security camera footage that are part of the administrative record, including one witness whose name is redacted in the record. ECF No. 41 at 1. Plaintiff states that the photographic and videographic evidence, which were cited by the Investigating Officer ("IO") as the basis for finding that Plaintiff fraternized with an enlisted female Airman, does not establish that he engaged in an unprofessional manner with the woman. *Id.* at 3. He acknowledges that the Court's review of military pay claims is ordinarily limited to the administrative record but argues that the Court should nonetheless permit his live testimony at the hearing because it will aid the

Court in assessing the reasonableness of the agency's decision-making. *Id.* at 4. The Government, to the contrary, contends that Plaintiff should not be allowed to present live testimony because he has not shown it is necessary for effective judicial review. ECF No. 42 at 5–6 (citing *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374 (Fed. Cir. 2009)).

## II. LEGAL STANDARDS

In a case reviewed under the Administrative Procedure Act ("APA") standard, such as this one, judicial review is limited to the administrative record that was before the agency. *Wyatt v. United States*, 23 Cl. Ct. 314, 319 (1991); *Long v. United States*, 12 Cl. Ct. 174, 177 (1987). "[I]t is an extraordinary case when a court considers extra-record evidence in reviewing agency action." *Franks v. Salazar*, 751 F. Supp. 2d 62, 67 (D.D.C. 2010). Rather, the Court's role here is to determine whether the decision of the Air Force Board for Correction of Military Records ("the Board") was supported by substantial evidence and was not arbitrary, capricious, or contrary to law. *Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009) ("[I]t has become well established that judicial review of decisions of military correction boards is conducted under the APA."); *Porter v. United States*, 163 F.3d 1304, 1312 (Fed. Cir. 1998) (explaining that a military correction board decision stands unless a plaintiff can show that it was arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations).

In carrying out this duty, the Court applies a deferential standard to the Board's decision and reviews the case based on the existing administrative record. *Keltner v. United States*, 165 Fed. Cl. 484, 493–94 (2023); *Axiom*, 564 F.3d at 1379 ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). Expansion of that record is only appropriate where the existing record is insufficient for effective judicial review. *Axiom*, 564 F.3d at 1379–80.

## III. DISCUSSION

Plaintiff claims that if the Court allows him to testify as to the identities of the people in the photo and video evidence, the Court "will simply be providing itself with some basic knowledge of what the pictures in the record show." ECF No. 41 at 6. This basic knowledge, according to Plaintiff, is matching the faces in the evidence with names in the record. *Id.* Plaintiff states that he seeks to identify the people depicted in the evidence so that the Court can determine whether that evidence supports the findings against him. *Id.* at 7. Plaintiff's testimony, however, is not necessary to the Court's review of the Board's decision. *Axiom* instructs the Court to determine whether the existing administrative record is sufficient for meaningful judicial review. 564 F.3d at 1379–80. If it is sufficient, supplementation is not appropriate. *Id.*

As the Government correctly points out, the Federal Circuit has expressly warned against expanding the administrative record unless such expansion is needed for effective judicial review. *See* ECF No. 42 at 14 (citing *AgustaWestland N. Am., Inc. v. United States*, 880 F.3d 1326, 1338 (Fed. Cir. 2018)). In *AgustaWestland*, the Federal Circuit held that the lower court erred in allowing supplementation where it did not "explain why the evidence omitted from the record frustrated judicial review as to the ultimate question of whether the [agency's action] was arbitrary and capricious." 880 F.3d at 1332. The Circuit concluded that the court's conclusory statement that it needed to expand the record to facilitate meaningful review was an insufficient basis for doing so, and thus the court abused its discretion by looking beyond the existing record. *Id.*

Here, Plaintiff fails to explain why denying his request to present live testimony at oral argument would frustrate the Court's ability to determine whether the Board's decision was arbitrary and capricious. The specific testimony Plaintiff seeks to introduce—the identification of himself, the enlisted woman, Major Paul Doughty, and Major Robert Bielanski in the photos and

video, and the confirmation that Major Bielanski's name was redacted in the record, *see* ECF No. 41 at 2—is not necessary to resolve the ultimate question of whether the Board's decision violated the APA. The Court has reviewed the photo and video evidence in the record. Using documentary evidence already in the record, including Plaintiff's submissions to the Board describing the evidence and the events more generally, it can determine the identities of the relevant people without Plaintiff's live testimony. *See, e.g.,* Admin. R. ("AR") at 137, 254–56, ECF No. 26-1. For example, it is clear from the photos and video who Plaintiff is and that he is standing behind the woman in question, so evaluating what happened between them does not depend upon Plaintiff identifying himself or the enlisted woman for the Court. It is also clear who Major Doughty is because, in part two of the video at timestamp 9:29 to 10:00, Major Doughty is to the right of Plaintiff, and when Plaintiff sees him taking the photos, Plaintiff gets up from where he is (next to the woman at the bar) and confronts Major Doughty. Because of the angle of the photos, the photographer must have been on Plaintiff's right-hand side, which is where Major Doughty is in the video. The parties do not dispute that Major Doughty took the photos. Finally, although Major Bielaski's identity is less clear from the video, the Court can still identify him. According to Plaintiff's Complaint as well as his petition to the Board, Major Bielaski is the man who sits down next to the woman after Plaintiff gets up from the bar. *See* ECF No. 24 at ¶¶ 45–46, 56; AR 255–56. At timestamp 11:29 in the video, after Plaintiff stands up, another man sits down next to the woman and appears to put his arm around her. The Court thus infers from the explanations in the record that this man is Major Bielaski.

In sum, the Court does not need Plaintiff to identify the people in the photos and video because the Court can identify them itself. And because the Court can adjudicate this dispute by reviewing the evidence already in the record, extra-record evidence is not appropriate. *Axiom*, 564

F.3d at 1379–80.

The authorities on which Plaintiff relies to support his request to give live testimony are inapposite. Plaintiff argues that supplementation of the record is appropriate where a plaintiff offers non-speculative reasons that an agency considered certain information in decision-making. ECF No. 41 at 6 (citing *Franks*, 751 F. Supp. 2d at 72). *Franks*, however, discusses supplementing the record with documentary evidence, not with live testimony. 751 F. Supp. 2d at 72. Furthermore, the court in *Franks* found that supplementation was inappropriate because it was "not necessary for effective review," "nor [wa]s the record so bare that it frustrate[d] judicial review." *Id.* at 71. The same is true here. Plaintiff similarly relies on *Inland Empire Public Lands Council v. Glickman*, but that case, too, permits documents, not live testimony, as extra-record materials in narrow circumstances. 88 F.3d 697, 703–04 (9th Cir. 1996). Here, Plaintiff is not arguing that the Board improperly omitted documents from the record; instead, he seeks to offer testimony to the Court as to the identities of the people in the photos and video in the existing record. Another of Plaintiff's authorities, *Borowski v. U.S. Customs and Border Protection*, also misses the mark. In that case, the court rejected the plaintiff's request to expand the administrative record because it was based on speculation about what the agency considered. 771 F. Supp. 3d 223, 232–33 (W.D.N.Y. 2025). Thus, *Borowski* serves to undermine, rather than buttress, Plaintiff's argument.

Plaintiff points to no case, nor is the Court aware of one, in which a plaintiff was permitted to provide live testimony during an oral argument about visual evidence that was before an agency. The closest case is perhaps *Oregon Natural Desert Association v. Wetzel*, No. 04-334, 2005 WL 2002403 (D. Or. Aug. 17, 2005), which Plaintiff characterizes as "permitting [an] agency official to describe what he saw in photographs to clarify what they meant, when those photographs were

part of the record." ECF No. 41 at 5. There, the court allowed the submission of extra-record evidence in the form of an affidavit from an agency official because it was "merely explanatory of the depictions which were included in the administrative record." *Wetzel*, 2005 WL 2002403, at *7. Though this presentation of explanatory evidence sounds similar to what Plaintiff seeks to do in the present case, the fact remains that the Court is able to discern the identity of the relevant people in the photos and video on its own through the evidence that is already in the record. Thus, extra-record evidence is not necessary for effective judicial review, and as such, is not appropriate. *Axiom*, 564 F.3d at 1379–80.

Plaintiff's other authorities are similarly unpersuasive. Like *Wetzel, Seafarers International Union of North America v. United States* expanded the record to include agency affidavits that "further explain[ed] the administrative record and describe[d] the background information that was available to the agency." 891 F. Supp. 641, 647 (D.D.C. 1995). Unlike here, the extra-record evidence in *Seafarers* consisted of affidavits from the agency, not evidence provided by the plaintiff about what the agency saw or should have seen in its review process. *Id.* *American Wildlands v. Kempthorne* also does not support Plaintiff's request because it specifies that supplementation is only permissible in "unusual circumstances," such as when "(1) the agency deliberately or negligently excluded documents that may have been adverse to its decision, (2) the district court needed to supplement the record with background information in order to determine whether the agency considered all of the relevant factors, or (3) the agency failed to explain administrative action so as to frustrate judicial review." (internal quotations omitted). 530 F.3d 991, 1002 (D.C. Cir. 2008). Plaintiff suggests that extra-record information is needed here to determine whether the Board considered all relevant factors and explained its decision. *See* ECF No. 41 at 7. But there is no allegation here that the record omits adverse evidence, and Plaintiff

fails to explain how his own testimony identifying the people in the photos and video in the record, would aid the Court in determining whether the Board considered all relevant factors and adequately explained its decision.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Present Limited Testimony at Upcoming Hearing (ECF No. 41). Denial of the present motion does not prevent counsel for Plaintiff from presenting arguments about the photos and video in the administrative record at oral argument. Counsel is free to walk the Court through portions of the evidence to make Plaintiff's case; the Court will not, however, allow extra-record testimony in this record-review case where the existing record is sufficient for effective judicial review.

**SO ORDERED.**

Dated: May 18, 2026

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge